# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAL ROSCISZEWSKI | CIVIL ACTION |
| VERSUS | NO: 17-06592 |
| MARQUETTE TRANSPORTATION COMPANY, LLC | SECTION: "J" (4) |

## ORDER

Before the Court is Plaintiff's **Motion to Quash Subpoena (R. Doc. 28)** and Plaintiff's **Ex Parte Motion for Expedited Submission (R. Doc. 29)** on the motion to quash.

I.  **Background**

The instant litigation was filed on July 10, 2017, pursuant to the Jones Act and General Maritime Law. R. Docs. 1, 4. The Plaintiff was a mate aboard the M/V MR. CHESTER, which was allegedly owned and operated by the Defendant. Plaintiff alleges that on January 22, 2016, he was tasked with boarding onto a pontoon/surge tank to retrieve running lights. After retrieving the running lights and attempting to re-board the vessel, he slipped and his leg was pinned between the pontoon and vessel allegedly crushing it. Plaintiff contends the Defendant was negligent in the operation of the vessel, the vessel was unseaworthy, the Defendant has the duty provide him maintenance and cure, and punitive damages are alleged due to the failure to pay maintenance and cure as well as for any gross negligence or unseaworthiness of the vessel as allowed by law.

The motion pending before the Court is a motion to quash a subpoena issued to a non-party seeking information in the personnel and employment files of managers in the weight and cardio areas of the Bear Levin Studer Family YMCA during a period of six-months. R. Doc. 28. The Plaintiff seeks to quash the subpoenas because they were issued outside of the discovery period, require a response one week before trial, and are overbroad.

## II. Law and Analysis

As an initial matter, the Court notes that the District Court issued a Scheduling Order in the above-captioned matter requiring that all discovery be completed June 12, 2018. R. Doc. 10. The final Pretrial Conference was held on July 12, 2018 and Trial is set to begin on August 6, 2018. R. Doc. 27.

The subpoena that the Plaintiff seeks to quash was issued on July 12, 2018 and requires a return on July 30, 2018. The subpoena was issued one month after the discovery deadline had passed and requires production of information only seven days before trial. R. Doc. 28-2.

It has been noted that "subpoenas duces tecum must also comply with discovery deadlines to avoid being quashed." 9A Fed. Prac. & Proc. Civ. § 2459. Further, courts have noted that parties should "not be able to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery." *Id.* at § 2452. *See Goldstein v. F.D.I.C.*, 494 B.R. 82, 87 ("[C]ourts have held that Rule 45 subpoenas are subject to the same discovery deadlines and orders as any other type of discovery."); *Abrams v. Ciba Specialty Chemicals Corp.*, 265 F.R.D. 585 (S.D. Ala. 2010) (subpoena duces tecum was denied because it would have allowed defendant to circumvent discovery deadline); *Surbella v. Foley*, 2006 WL 300749 (D.C. Ohio 2006) (A subpoena issued before the close of discovery that scheduled a deposition after the end of the discovery period was not enforced); *Alper v. U.S.*, 190 F.R.D 281 (D.C. Mass. 2000) (Rule 45 subpoenas are subject to parameters established by Rule 26). As a result, "subpoenas are a form of discovery and subject to all of the strictures governing discovery, including the deadlines set in the Case Management Plan. [T]he subpoena in this case should not have been issued without permission from the court extending the discovery deadline." *Hamilton v. Oschner Health Sys.,*

*Inc.*, 2012 WL 6725609, at *3 (E.D. La. Dec. 27, 2012) (quoting *Williams v. Weems Community Mental Health Center*, 2006 WL 905955, at *2 (S.D. Miss. Apr. 7, 2006)).

The Court finds that subpoena issued by the Defendant in this case flaunts the District Court's Scheduling Order. It seeks discovery outside of deadlines imposed such that it must be quashed. As a result, the Court quashes the subpoena at issue as it is facially in violation of the deadlines set forth by the Court.

### III. Conclusion

**IT IS ORDERED** that the Plaintiff's **Motion to Quash Subpoena (R. Doc. 28)** is **GRANTED** and that the subpoena is hereby **QUASHED**.

**IT IS FURTHER ORDERED** that the Plaintiff's **Ex Parte Motion for Expedited Submission (R. Doc. 29)** is **DENIED AS MOOT** in light of this Court's ruling on the underlying motion.

New Orleans, Louisiana, this 19th day of July 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**